UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| CALVIN CARNES, | * |
|---|---|
| Petitioner, | * |
| v. | * Civil Action No. 1:15-cv-11858-IT |
| KELLY RYAN, | * |
| Respondent. | * |

ORDER

August 22, 2018

TALWANI, D.J.

After considering the Magistrate Judge's June 6, 2018, Report and Recommendation [#37], Respondent's Objections [#38], and Petitioner's Response [#39], the court hereby ACCEPTS and ADOPTS the Report and Recommendation [#37] for the reasons set forth therein, and rejects Respondent's Objections [#38] for the following reasons:

1. Respondent asserts that the Magistrate Judge erred in determining that Grounds 4, 5, 6, 9, and 10 were raised as independent claims and are properly exhausted. Resp't Obj. at 19-20 & n.2 (citing Suppl. Answer ("SA"), Vol. I, Exs. F & M) [#38]. Respondent asserts that these claims were presented only as ineffective assistance of counsel and ineffective assistance of appellate counsel claims and not independent claims. The filings cited by Respondent demonstrate the contrary. See SA, Vol. I, Ex. F, at 4-6 & Ex. M, at 134-143, 152-54, 175-88.

2. Respondent asserts that the Magistrate Judge erred in deciding that Petitioner sufficiently alleged cause and prejudice to excuse any procedural default of Grounds 2, 4, 6, 9, and 10. Resp't Obj. at 20 [#38]. The Objections [#38] discuss legal standards for alleging cause and prejudice and reiterate Respondent's assertion that "the petitioner failed to demonstrate

1

cause and prejudice to excuse the procedural default" as to his "newly discovered evidence claims" and "ineffective assistance of counsel claims." Id. at 20-21 (citing Resp't Mem. in Opp. to Pet. for Writ of Habeas Corpus at 35 [#17]). Neither the Objections [#38] nor the cited portion of the Memorandum of Law in Opposition to the Petition for a Writ of Habeas Corpus [#17] offer any argument to counter the Magistrate Judge's careful analysis. As set forth in the Report and Recommendation [#37], Petitioner's Ground 2 did not arise until the motion judge's decision denying his motion for a new trial, and he raised it by filing a motion to reconsider with the motion judge and included the ground in his appeal under M.G.L. c. 278, § 33E. Ground 9 did not arise until after Petitioner's direct appeal brief was filed, and he raised the issue at the first available opportunity. His ineffective assistance of counsel claims with respect to Grounds 4, 6, and 10 were raised in his motion for new trial and his appeal therefrom. "[I]neffective assistance of counsel, so severe that it violates the Sixth Amendment, may constitute sufficient cause to excuse a procedural default as long as the petitioner exhausted his ineffective assistance claim in state court." Janosky v. St. Amand, 594 F.3d 39, 44 (1st Cir. 2010).

Respondent also objects, again with no analysis, to the finding of prejudice. Resp't Obj. at 21 [#38]. As the Magistrate Judge explained:

> Carnes has alleged that the errors "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitution dimensions." [citation omitted]. It is Carnes' contention that he is actually innocent of the crimes for which he has been convicted. The alleged errors relate to virtually every aspect of the conduct of the trial as well as the post-trial conduct of the prosecutor and the trial judge. Under such circumstances, the Petitioner has sufficiently alleged prejudice to satisfy any claim that he failed to exhaust his rights in state court by not raising the claims in his direct appeal.

R. & R. at 44 [#37].

As the Magistrate Judge concluded, Petitioner sufficiently alleged cause and prejudice to excuse any procedural default of Grounds 2, 4, 6, 9, and 10.

2

3. Respondent asserts that the Magistrate Judge erred in concluding that the Single Justice did not deny Petitioner's "Newly Discovered Evidence Claims" and "Ineffective Assistance of Counsel Claims" based on adequate and independent state-law ground of procedural default. Resp't Obj. at 22 [#38]. Respondent points out that a Single Justice's finding that a petitioner has not raised a new question for further review constitutes a procedural default under state law. Id. (quoting Costa v. Hall, 673 F.3d 16, 23 (1st Cir. 2012)). Here, however, the Single Justice made no such finding, stating only that "[u]pon consideration, the application for leave to appeal from the denial [of petitioner's] motion for new trial is DENIED." SA, Vol. I, Ex. Q. Respondent nonetheless asserts that "the Single Justice clearly rejected all of petitioner's claims . . . based on an independent state-law ground." Resp't Obj. at 22 [#38]. But labeling a ruling "clear" does not make it so.

As Respondent acknowledges, "'a finding of a lack of substantiality precludes review only when it is accompanied by the conclusion that the issue is also not new.'" Id. (quoting Lee v. Corsini, 777 F.3d 46, 57 (1st Cir. 2015)). Here, the court cannot determine from the Single Justice's one sentence denial whether the Single Justice concluded that the issue was not "new" or whether the Single Justice determined that the issue was in fact new but concluded that it was insubstantial based on substantive legal standards. And as the Magistrate Judge noted, "[l]ogically, however, since all of the claims, including the claims of ineffective assistance of counsel, were being raised for the first time in Carnes' motion for a new trial, there is no basis for assuming that the Single Justice had concluded that the claims were not 'new.'" R. & R. at 43 [#37].

Accordingly,

3

(1) The court hereby ACCEPTS and ADOPTS the Magistrate Judge's <u>Report and Recommendation</u> [#37];

(2) The court finds that all grounds raised in Petitioner's <u>Petition for Writ of Habeas Corpus</u> [#1] other than his conflict of interest claim are fully exhausted;

(3) Respondent's request that the <u>Petition for Writ of Habeas Corpus</u> [#1] or claims in the Petition be dismissed as unexhausted, <u>see</u> <u>Respondent's Opposition to the Motion to Stay These Proceedings and for an Evidentiary Hearing</u> at 1 [#36], is DENIED; and

(4) Petitioner's request to stay these proceedings so that he may present his conflict of interest claim to the state court in his <u>Supplemental Memorandum in Support of his Petition Under 28 U.S.C. § 2254 and Request to Stay Proceedings To Exhaust One Claim</u> [#35] is ALLOWED.

IT IS SO ORDERED.

Date: August 22, 2018  /s/ Indira Talwani
United States District Judge